# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 09-311 |
| DANIEL SPORRER, ) | Judge Nora Barry Fischer |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Presently before the Court are Defendant Daniel Sporrer's "Petition to Suspend Payment of Restitution" (Docket No. [96]) and "Petition to Terminate Term of Supervised Release" (Docket No. [97]) and the Government's Responses in opposition thereto, (Docket Nos. [99], [100]). For the following reasons, said Petitions [96], [97] are DENIED.

As to Defendant's petition to terminate his supervised release, the Court acknowledges its discretion under 18 U.S.C. § 3583(e) to terminate a term of supervised release if, after consideration of the relevant factors under § 3553(a), the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). However, the United States Court of Appeals for the Third Circuit and this Court have held that a defendant's mere compliance with the terms and conditions of supervised release is insufficient to demonstrate extraordinary circumstances which would warrant an early termination of supervised release. *See e.g., United States v. Laine*, 404 F.App'x 571, 573-74 (3d Cir. 2010) (citation omitted) ("early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it."); *United States v. Perla*, Crim. No. 08-279, Docket No. 51 (W.D. Pa. May 7, 2013); *United States v. Dudash*, 2012 WL 874878 (W.D. Pa. Mar. 14, 2012).

After considering all of the relevant factors under section 3553(a), the Court finds that Defendant has not presented the type of extraordinary circumstances which would warrant a reduction of his term of supervised release. (Docket No. 96). Although Defendant's efforts at re-entry to this point are generally commendable, he has not demonstrated "full compliance" with all of the conditions of supervised release because he admits that he was laid off from his job as of December 31, 2013, is collecting unemployment compensation and thus is not presently "maintain[ing] employment throughout his term of supervised release," as this Court ordered in Special Condition #8 of the Judgment in his case. (*See* Docket No. 83 at 5). While the Court does not believe that such circumstances warrant a violation hearing at the present time, the lack of present employment strongly counsels the Court against early termination of Defendant's term of supervised release, especially given his claims that his criminal activity was caused by, among other things, his alcoholism which was exacerbated by work and family stressors at the time, aggravating factors which may be reinvigorated given his lack of employment. (*See* Docket No. 90). Further, the Court rejects Defendant's claim that his prospects for "meaningful employment while on probation are nigh impossible" because, despite his conviction, he was able to secure and maintain employment both during the completion of his sentence of incarceration at the Renewal Center and the first year he spent on supervised release. (*See* Docket No. 87). He also has presented no valid justification for his belief that he cannot find and maintain employment, especially given his background, education and experience. Indeed, based on his own submissions, Defendant's termination resulted from a business transition rather than poor performance or other issues. To the extent that he needs assistance with his job search, he should contact the Probation Office and become involved with its Workforce Development Program.

For these reasons, Defendant's "Petition to Terminate Term of Supervised Release" [97] is DENIED.

With respect to Defendant's second petition requesting that his restitution obligations be terminated or stayed due to his recent job loss, and the alleged reduction of his income to $1,700.00 per month of unemployment compensation, (Docket No. 96), the Court recognizes that it has jurisdiction to alter the payment plan in accord with 18 U.S.C. § 3664(k) upon a showing of a material change in circumstances by a Defendant. *See United States v. Banks*, 430 F. App'x 179 (3d Cir. 2011). However, before the Court can determine whether a material change has been demonstrated, the Court must consider the actual terms of the restitution obligation set forth in the criminal judgment and then evaluate any and all financial information provided by Defendant and the status of his payment of his restitution obligations to determine whether a material change has indeed occurred. *See United States v. Brown*, Cr. No. 09-116, 2012 WL 75105, at *2-4 (W.D. Pa. Jan. 10, 2012).

Through the Judgment entered on May 19, 2011, this Court ordered Defendant to pay a $100.00 special assessment and restitution in the amount of $545,128.78, with specific terms that such restitution was to be paid jointly and severally with all of his coconspirators and "at a rate of not less than 10% of his gross monthly income." (Docket No. 83 at 7). As a consequence, the terms of the Judgment automatically reduce the amount of Defendant's monthly restitution obligation to account for any reductions in his monthly income. (*Id.*). Thus, it is Defendant's burden to provide the Court with sufficient information concerning his finances in order to permit the Court to evaluate whether he has met his burden to demonstrate that he is incapable of making restitution payments at this lower rate. 18 U.S.C. § 3664(k). Given that Defendant is a former lawyer, with experience in real estate and other financial matters, (*see* PIR), he should

understand that he must produce to the Court more than his own bare assertions concerning his present monthly income in order to support the requested relief. Here, the Court believes that the present record is beyond inadequate for the Court to make this evaluation because Defendant has not submitted any evidence of his present assets (such as bank accounts, savings accounts and the like), his salary in his prior position, or any details of his actual expenses which he claims he cannot maintain (despite his admission that his adult son is working and contributing financially to the household). (*See* Docket No. 96).

Despite these obvious deficiencies, the Court contacted representatives of the Clerk's Office to determine the status of Defendant's payment of his financial obligations to date. They confirmed that Defendant paid the special assessment of $100 as of June 7, 2012 through required payments while he was in the custody of the Bureau of Prisons. As to restitution, he has paid **$3,504.33** thus far, with a remaining balance of **$541,624.45**. In addition, the last payment he has made was $50.00, which he paid last week, on February 6, 2014. Considering that Defendant was able to recently make such a nominal contribution to his financial obligations, the Court believes that he will be unable to demonstrate that he is presently financially unable to continue to make such nominal contributions until he finds another position or otherwise increases his income.

Of course, the Court also recalls Defendant's position throughout this litigation that his criminal responsibility for loss and restitution should be reduced to his own personal gain of **$25,000.00** from his involvement in mortgage fraud, a legal theory which this Court rejected, (*see* Docket No. 62), as did the Court of Appeals, *see United States v. Sporrer*, 2013 WL 6153584, --- F. App'x --- (3d Cir. Nov. 25, 2013). Given same, the Court would be loath to permit any reduction of Defendant's restitution obligations when he has yet to even repay the

amounts he admits he personally stole pursuant to this mortgage fraud scheme without having first thoroughly scrutinized all of his finances. Accordingly, Defendant's "Petition to Suspend Payment of Restitution" [96] is also DENIED.

IT IS SO ORDERED.

                                           *s/ Nora Barry Fischer*
                                           Nora Barry Fischer
                                           United States District Judge

Date:   February 13, 2014

cc/ecf: All counsel of record.

       U.S. Probation Office

       Finance Office

       Daniel Sporrer, *pro se*
       111 Hillside Drive, Apt. A
       Zelienople, PA 16063
       (first class mail)